**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| CHARLES NOBLE HARMON, #2819915, | ) ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:09-2644-RBH-BM ) ) |
| v. | ) ) **REPORT AND RECOMMENDATION** |
| LEROY CARTLEDGE, WARDEN, MCCORMICK CORRECTIONAL INSTITUTION, | ) ) ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 6, 2009.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 21, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on December 22, 2009, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. On January 28, 2010, Petitioner filed a memorandum in opposition to summary judgment. This matter is now before the Court for disposition.[2]

---

[1]See Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)



## Procedural History

Petitioner was indicted in the November 2004 term of the McCormick County Court of General Sessions for trafficking crack cocaine (10-28 grams) [Indictment No. 04-GS-26-4303] and possession with intent to distribute crack cocaine within proximity of a school ("PWID") [Indictment No. 04-GS-26-4304] . (R.pp. 72-75). Petitioner was represented by G. Scott Bellamy, Esquire, and on September 22, 2005, pled guilty to trafficking crack cocaine-3rd and PWID. (R.pp. 1-13) Petitioner was sentenced to concurrent sentences of twenty-five (25) years for trafficking crack cocaine-3rd and ten (10) years for PWID. (R.pp. 14-15). Petitioner did not appeal his convictions and/or sentences.

Petitioner filed a pro se Post Conviction Relief Application ("APCR") in state circuit court on August 10, 2006. Harmon v. State of South Carolina, No. 2006-CP-3922. (R.pp. 16-22). Petitioner raised the following issue in his APCR:

Ineffective Assistance of Appointed Counsel for failure to investigate.

(R.p. 18).

Petitioner was represented in his APCR by Paul Archer, Esquire, and an evidentiary hearing was held on January 22, 2008. (R.pp. 27-57). At the conclusion of the hearing, the PCR Judge orally denied relief, following which he entered a written order on February 19, 2008, denying Petitioner's petition in its entirety. (R.pp. 55-56, 58-67).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense.

---

[2](...continued)
Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Pachak filed a Johnson[3] petition seeking to be relieved and raised the following issue:

Whether Petitioner's guilty plea was entered voluntarily and intelligently?

See Petition, p. 2.

On January 8, 2009, the South Carolina Supreme Court granted counsel's request to be relieved and denied certiorari. See Harmon v. State, Order dated January 8, 2009. The Remittitur was sent down on January 26, 2009. See Remittitur (dated January 26, 2009).

Petitioner then filed this federal habeas corpus petition, raising the following issue:

Whether Petitioner's guilty plea was entered voluntarily and intelligently?

See Petition, p. 6-9, with Attachment.

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).



Based upon a review of the Petition and record in this case, this entire Petition appears to be subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.[4] This limitations period is part of the AEDPA,[5] and runs from the latest of -

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Petitioner's state court convictions became final on October 3, 2005, ten (10) days

---

[4] Although the Respondent did not raise this issue, a federal court may raise the issue *sua sponte;* see Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Smith v. McCall, No. 09-643, 2009 WL 3233516 (D.S.C. Sept. 30, 2009); Hendrix v. South Carolina, No. 06-2645, 2007 WL 2220401 (D.S.C. July 30, 2007); with the Magistrate Judge's Report and Recommendation giving the Petitioner fair notice and opportunity to present his position regarding the statute of limitations period issue. See generally Smith v. McCall, supra; Hendrix v. South Carolina, supra.

[5] Antiterrorism and Effective Death Penalty Act of 1996.

4



after he entered his guilty plea and was sentenced.[6] See Rule 203(b)(2), SCACR. By the time Petitioner filed his APCR on August 10, 2006, three hundred and ten (310) days had passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until January 26, 2009, the date the Remittitur was filed. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on October 6, 2009, two hundred and forty-nine (249) days of additional non-tolled time had accrued since the final disposition of his APCR, for a total of five hundred and fifty-nine (559) days, well outside his one year limitations period.

Although the Petitioner states in his petition that it is timely because he filed it within a year, the statute does not start over after the conclusion of his collateral review. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Accordingly, the Petitioner did not timely file his petition and is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir.

---

[6]Since the actual tenth day, October 2, 2005, was a Sunday, Petitioner would have until the following Monday.



1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice. **This petition constitutes notice to the Petitioner that a recommendation to dismiss based on the statute of limitations has been made. Petitioner may present his position on this issue as objections, which will then be considered by the Court**. See generally Hill v. Braxton, supra; Smith v. McCall, supra; Hendrix v. South Carolina, supra.

See also the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 19, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

