IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| Charles Noble Harmon, | ) | Civil Action No.: 9:09-cv-02644-RBH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Lt. Leroy Cartledge, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at McCormick Correctional Institution in McCormick, South Carolina.

Petitioner filed his § 2254 petition on October 6, 2009.[1] On December 21, 2009, Respondent filed a return and motion for summary judgment. *See* Return & Motion for Summ. J. [Docket Entries 10 & 11]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 22, 2009, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner timely filed a response to the summary judgment motion. *See* Response [Docket Entry 14].

This matter is now before the court with the [Docket Entry 16] Report and Recommendation of United States Magistrate Judge Bristow Marchant[2] filed on May 19, 2010. In his Report, the Magistrate Judge recommended that the court should *sua sponte* dismiss

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the time of delivery to prison authorities for forwarding to district court).

[2] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C.

Petitioner's § 2254 petition as barred by the AEDPA's statute of limitations. Petitioner timely filed objections to the Report. *See* Obj. [Docket Entry 18].

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

"[A] district court may raise a statute of limitations defense *sua sponte* when the existence of the defense plainly appears on the face of a § 2254 petition." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). However, "the district court should afford an opportunity for the habeas petitioner to respond before the case is dismissed." *Hill v. Braxton*, 27 F.3d 701, 706 (4th Cir. 2002). Therefore,

> when a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, <u>the court must warn the prisoner</u> that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, <u>unless</u> it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . .

*Id.* at 707 (emphasis added).

In the case at bar, it is undisputed that Respondent did not raise the issue of the AEDPA's statute of limitations in his summary judgment motion. However, in the Report, the Magistrate Judge raises the issue *sua sponte*. The Magistrate Judge found that "this entire Petition appears to be subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies." Report at 4. In recommending dismissal of the § 2254 petition, the Magistrate Judge went on to state that the Report "constitutes notice to the Petitioner that a recommendation to dismiss based on the statute of limitations has been made. Petitioner may present his position on this issue as objections, which will then be considered by the Court." Report at 6. Petitioner objected to this recommendation.

In his objections, Petitioner essentially asks the court for an opportunity to present his arguments regarding equitable tolling and the AEDPA's statute of limitations. Specifically, Petitioner argued the following:

> The Magistrate, <u>sua sponte</u>, raised and ruled upon a defense of statute of limitations that was <u>not</u> raised by the respondents in their motion for Summary Judgment.
>
> Petitioner did <u>not</u> receive notice and did <u>not</u> have an opportunity to submit Affidavits to show that the statute of limitations should be equitably tolled due to SCDC [South Carolina Department of Corrections] Loss/Confiscation of his Legal Box by Respondents.

3

Obj. at 1. Petitioner also notes in his objections that the Magistrate Judge "failed to assess the merits of Petitioners [sic] primary Allegations of Ineffective Assistance of Counsel/Involuntary Plea." *Id.* at 2.

While Petitioner arguably had a chance to respond to the statute of limitations issue raised by the Magistrate Judge in his objections, he apparently did not understand that such an opportunity existed and, rather, essentially asked for additional time in which to respond to the Magistrate Judge's recommendation. The court notes that neither party has addressed the issue of the AEDPA's statute of limitations. Therefore, in an abundance of caution, and because the "district court should afford an opportunity for the habeas petitioner to respond before the case is dismissed," the court will grant Petitioner additional time in which to set forth his position as to the issue of the AEDPA's statute of limitations. *Hill*, 27 F.3d at 706.

## Conclusion

Based on the foregoing, it is therefore **ORDERED** that Petitioner shall have **fourteen (14) days** from the date of this Order in which to file his response to and position on the issue of the AEDPA's statute of limitations and, more specifically, equitable tolling.

**IT IS FURTHER ORDERED** that this matter is hereby **RECOMMITTED** to the Magistrate Judge for further pretrial handling, including as to the issue of equitable tolling.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 15, 2010