IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLES NOBLE HARMON, #2819915, Petitioner, v. LEROY CARTLEDGE, WARDEN, MCCORMICK CORRECTIONAL INSTITUTION, Respondent. | CIVIL ACTION NO. 9:09-2644-RBH-BM  **SUPPLEMENTAL REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 6, 2009.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 21, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on December 22, 2009, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. On January 28, 2010, Petitioner filed a memorandum in opposition to

---

[1] See Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



summary judgment.

On May 19, 2010, the undersigned issued a Report and Recommendation recommending dismissal of the petition due to Petitioner's failure to timely file his petition. On June 16, 2010, the Honorable R. Bryan Harwell, United States District Judge, granted Petitioner fourteen (14) additional days in which to file his response to and position on the issue of the AEDPA[2]'s statute of limitation and, more specifically, equitable tolling. Judge Harwell also recommitted the case to the undersigned Unites States Magistrate Judge. On July 6, 2010, the Petitioner filed a motion for equitable tolling , to which the Respondent filed a response in opposition on July 23, 2010. This matter is now before the Court for disposition.[3]

## **Procedural History**[4]

Petitioner was indicted in the November 2004 term of the McCormick County Court of General Sessions for trafficking crack cocaine (10-28 grams) [Indictment No. 04-GS-26-4303] and possession with intent to distribute crack cocaine within proximity of a school ("PWID") [Indictment No. 04-GS-26-4304] . (R.pp. 72-75). Petitioner was represented by G. Scott Bellamy, Esquire, and on September 22, 2005, pled guilty to trafficking crack cocaine-3rd and PWID. (R.pp. 1-13) Petitioner was sentenced to concurrent sentences of twenty-five (25) years for trafficking crack cocaine-3rd and ten (10) years for PWID. (R.pp. 14-15). Petitioner did not appeal his convictions

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

[3] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[4] The history of this case is as was set forth in the original Report and Recommendation filed May 19, 2010.

2



and/or sentences.

Petitioner filed a pro se Post Conviction Relief Application ("APCR") in state circuit court on August 10, 2006. Harmon v. State of South Carolina, No. 2006-CP-3922. (R.pp. 16-22). Petitioner raised the following issue in his APCR:

    Ineffective Assistance of Appointed Counsel for failure to investigate.

(R.p. 18).

Petitioner was represented in his APCR by Paul Archer, Esquire, and an evidentiary hearing was held on January 22, 2008. (R.pp. 27-57). At the conclusion of the hearing, the PCR Judge orally denied relief, following which he entered a written order on February 19, 2008, denying Petitioner's petition in its entirety. (R.pp. 55-56, 58-67).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense. Pachak filed a Johnson[5] petition seeking to be relieved and raised the following issue:

    Whether Petitioner's guilty plea was entered voluntarily and intelligently?

See Petition, p. 2.

On January 8, 2009, the South Carolina Supreme Court granted counsel's request to be relieved and denied certiorari. See Harmon v. State, Order dated January 8, 2009. The Remittitur was sent down on January 26, 2009. See Remittitur (dated January 26, 2009).

Petitioner then filed this federal habeas corpus petition, raising the following issue:

    Whether Petitioner's guilty plea was entered voluntarily and intelligently?

---

[5] Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).



See Petition, p. 6-9, with Attachment.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Based upon a review of the Petition and record in this case the undersigned found in the Report and Recommendation issued May 19, 2010 that this entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA, and runs from the latest of -

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme



4

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2). This Petition falls under § 2244(d)(1)(A).

Petitioner's state court convictions became final on October 3, 2005, ten (10) days after he entered his guilty plea and was sentenced.[6] See Rule 203(b)(2), SCACR. By the time Petitioner filed his APCR on August 10, 2006, three hundred and ten (310) days had passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until January 26, 2009, the date the Remittitur was filed. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on October 6, 2009, two hundred and forty-nine (249) days of additional non-tolled time had accrued since the final disposition of his APCR, for a total of five hundred and fifty-nine (559) days, well outside his one year limitations period.

---

[6]Since the actual tenth day, October 2, 2005, was a Sunday, Petitioner's conviction would not become final until the following Monday.



Petitioner argues in his motion for equitable tolling that he is entitled to equitable tolling "based upon SCDC Respondent misplacing law work for Petitioner, coupled with misadvice of Appellate Defense as to the time limits to file . . . . " See Petitioner's Motion for Equitable Tolling. In an accompanying affidavit, Petitioner attests that following the filing of his Writ of Certiorari to the South Carolina Supreme Court, his "entire legal box" was lost following an institutional emergency (this apparently would have been some time in 2008), and that he could not draft his habeas petition until he obtained copies of his documents. Petitioner also complains that his "appellate defense" counsel told him he had "entire 12 months" to file his Petition. See Petitioner's Affidavit. Respondent opposes granting Petitioner any equitable relief.

The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his



rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Although Petitioner contends that his state appellate PCR counsel advised him that he had one (1) year to file after his PCR proceedings were finalized,[7] the federal statute does not start over after the conclusion of Petitioner's collateral review. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Further, even if Petitioner's PCR appellate counsel did tell him that he had one (1) year to file his federal habeas petition after the conclusion of his PCR proceedings, the United States Supreme Court reiterated in Holland that "'a garden variety claim of excusable neglect', Irwin [v. Dep't of Veterans Affairs, 498 U.S. 89,] 96 (1990), such as a simple miscalculation that leads a lawyer to miss a filing deadline, Lawrence [v. Florida, 549 U.S. 327, 336 (2007), does not warrant equitable tolling." Holland, 130 S.Ct. at 2564; see also Miranda v. Castro, 292 F.3d 1063, 1067-1068 (9th Cir. 2002)[Petitioner not entitled to equitable tolling based on erroneous advice regarding the one year deadline in a letter from counsel appointed to represent petitioner in his state proceedings, in which counsel volunteered advice about petitioner's federal deadline, but counsel was not appointed to represent petitioner in his federal proceeding in which petitioner had no right to counsel].

With regard to his missing "legal box", Petitioner does not provide any additional facts or specifics with respect to this assertion; and even though the Respondent pointed out this deficiency in its response in opposition, Petitioner failed to file a reply memorandum to address this

---

[7]Petitioner's state appellate PCR counsel was relieved as his counsel on January 8, 2009, and has never represented him in this federal action.



issue. The record reflects that by the time Petitioner filed his state APCR, three hundred and ten (310) days had already passed toward the one year federal deadline. See discussion, supra. Therefore, Petitioner had only fifty-five (55) days left in which to file his petition when the Remittitur was issued in his state APCR on January 26, 2009. Without any specific details, it is impossible to determine how long Petitioner had been missing his "legal box" by that time, or even if it was still missing. In any event, Petitioner then waited another 249 days after his remittitur was issued before he filed this action.[8] No basis for equitable tolling is present in these facts. Cf. Akins v. United States, 204 F.3d 1086, 1089-1090 (11th Cir 2000)[Prison lock downs and lost legal papers did not justify equitable tolling where petitioner was not diligent in pursing his claim.]; see also Miller, 141 F.3d 978 [conclusory allegations are insufficient]; Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay]; see also Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000)[Denying equitable tolling based on lack of diligence where petitioner had been denied access to legal materials for approximately six months, but had regained access to legal materials six months prior to expiration of the limitations period].

In sum, Petitioner has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. Holland, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his

---

[8]The undersigned notes that the only issue Petitioner seeks to raise in this habeas petition is the same issue which was raised in his state Johnson petition. In fact, Petitioner attached the Johnson petition and simply referred to that document under the "Grounds" section of the habeas application. Cf. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)[Fact that claims Petitioner sought to raise were similar to those raised in PCR action under cut argument that lack of access caused delay in filing federal petition].



8

rights diligently and that some extraordinary circumstances stood in his way]; Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin, 498 U.S. at 96); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d at 230 [Some courts have held that to obtain equitable tolling, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll]. Rather, Petitioner simply failed to timely file this federal petition. Therefore, Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; and Petitioner is barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that Petitioner's motion for equitable tolling be **denied**, the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 19, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

