IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Charles Noble Harmon, | ) | Civil Action No.: 9:09-cv-02644-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. This matter is now before the court with the [Docket Entry 25] Supplemental Report and Recommendation ("Supplemental R & R") of United States Magistrate Judge Bristow Marchant[1] filed on August 19, 2010.

**Procedural History**

Petitioner filed his § 2254 Petition on October 6, 2009.[2] On December 21, 2009, Respondent filed a return and memorandum, and a motion for summary judgment. *See* Return [Docket Entry 10] and Motion for Summ. J. [Docket Entry 11]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 22, 2009, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner timely filed a response to the summary judgment motion. *See* Resp. in Opp. to Summ. J. [Docket Entry

---

[1] This matter was referred to Magistrate Judge Marchant for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), (D.S.C.).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

14].

On May 19, 2010, the Magistrate Judge issued his first R & R in this matter. *See* R & R [Docket Entry 16]. In that R & R, the Magistrate Judge recommended *sua sponte* dismissal of the § 2254 Petition due to Petitioner's failure to timely file the Petition. *See id.* at 4-6. Petitioner timely objected to that recommendation. *See* First Obj. [Docket Entry 18].

On June 16, 2010, after reviewing the first R & R and objections thereto, the undersigned granted Petitioner fourteen (14) additional days "in which to file his response to and position on the issue of the AEDPA's statute of limitations and, more specifically, equitable tolling." June 16 Order [Docket Entry 20] at 4. Further, the undersigned recommitted the matter to the Magistrate Judge "for further pretrial handling, including as to the issue of equitable tolling." *Id.*

Thereafter, on July 1, 2010,[3] Petitioner filed his [Docket Entry 22] Motion for Equitable Tolling, along with an affidavit in support. On July 13, 2010, the Magistrate Judge entered a Text Order finding as moot Respondent's original motion for summary judgment.[4] *See* Text Order [Docket Entry 23]. Respondent timely filed his [Docket Entry 24] Response in Opposition to Equitable Tolling on July 23, 2010.

On August 19, 2010, the Magistrate Judge issued his Supplemental R & R, which is now

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266.

[4] The Text Order [Docket Entry 23] stated the following, verbatim:

> Text Order finding as moot [11] Motion for Summary Judgment. Since the Petitioner has filed a motion for equitable tolling and the Respondent has until July 23, 2010, to file their response on the issue, the current motion for summary judgment, which does not address this issue, is moot at this time. In the event that the matter is not resolved on the issue of the statute of limitations, the Clerk shall reinstate the Respondent's original motion for summary judgment on the merits at that time.

before the court. In the Supplemental R & R, the Magistrate Judge recommended "that Petitioner's motion for equitable tolling [should] be denied, the Respondent's motion for summary judgment [should] be granted, and that the Petition [should] be dismissed, with prejudice." Supplemental R & R at 9. Any objections to the Supplemental R & R were due no later than September 7, 2010.[5] Petitioner failed to timely file objections, as he did not file objections until September 9, 2010.[6] *See* Second Obj. [Docket Entry 27].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life*

---

[5] Specific written objections must be filed within fourteen (14) days of the date of service of the Supplemental R & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this period provides for an additional three (3) days for filing by mail. *See* Fed. R. Civ. P. 6(d).

[6] Filing date under *Houston v. Lack*, 487 U.S. 266.

3

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

Petitioner objects only to the Magistrate Judge's findings concerning equitable tolling.[7] Since Petitioner's objections were untimely, the court reviews the R & R to "satisfy itself that there is no clear error on the face of the record." *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Finding no clear error in the Magistrate Judge's recommendation, Petitioner's Motion for Equitable Tolling should be denied and his § 2254 Petition dismissed as time-barred.[8]

Additionally, in the interests of justice, the court has reviewed *de novo* Petitioner's objections on the merits. Having thoroughly reviewed the entire record, Petitioner's objections, and the applicable law, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Petitioner has not shown that his § 2254 Petition was filed within the applicable one-year limitation period.[9] Further, Petitioner

---

[7] Petitioner does not appear to object to the Magistrate Judge's finding that his § 2254 Petition was filed outside the one-year limitation period.

[8] The court notes that the Magistrate Judge also recommended that Respondent's [Docket Entry 11] Motion for Summary Judgment should be granted. However, that summary judgment motion was rendered moot by the Magistrate Judge's [Docket Entry 23] Text Order. Nevertheless, the Magistrate Judge's ultimate recommendation of *sua sponte* dismissal of the § 2254 based on untimeliness is appropriate in this matter.

[9] While Respondent did not originally raise the statute of limitations issue, a federal court may raise the issue *sua sponte*. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Once raised, "a court must accord the parties fair notice and an opportunity to present their positions" on the issue. *Day v. McDonough*, 547 U.S. 198, 210 (2006). The court properly afforded Petitioner notice and a chance to respond to the issue in this matter. Once the Magistrate Judge raised the issue in the first R & R, the undersigned recommitted this matter and granted Petitioner fourteen (14) days in which to file his position on the one-year limitation period and equitable tolling. Petitioner thereafter filed his Motion for Equitable Tolling. Moreover, after the Magistrate Judge issued his Supplemental R & R regarding the statute of limitations and equitable tolling, Petitioner was afforded the opportunity to, and did in fact, object to the recommendations, albeit untimely. Accordingly, the court afforded Petitioner the required notice and opportunity to respond after the court *sua sponte* raised the issue of the statute of limitations.

has not shown that he is entitled to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010) ("'[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As such, the court agrees with the recommendations of the Magistrate Judge, and finds that Petitioner's Motion for Equitable Tolling should be denied and his § 2254 Petition dismissed as time-barred.

## Conclusion

Based on the foregoing, the court overrules all of Petitioner's objections and adopts as modified and incorporates by reference the Supplemental Report and Recommendation of the Magistrate Judge. Accordingly, Petitioner's Motion for Equitable Tolling is **DENIED** and this § 2254 Petition is **DISMISSED**, *with prejudice*, as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
October 5, 2010